## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHNNIE LEWIS** | * | **CIVIL ACTION NO.** |
| **Plaintiff** | * | **SECTION:** |
| **VERSUS** | * | **JUDGE:** |
| **EYE CARE SURGERY CENTER, INC.** | * | **MAGISTRATE:** |
| **Defendant** | * | |

## COMPLAINT

Now comes Plaintiff, Johnnie Lewis, by and through counsel, and for her Complaint against Defendant, states as follows:

### PARTIES AND JURISDICTION

1. At all times relevant hereto, Plaintiff, Johnnie Lewis, has resided at 15611 Woodmoss Drive, Baton Rouge and has been a citizen of the State of Louisiana and the United States of America, and is an African-American female.

2. At all times relevant hereto, Defendant, Eye Care Surgery Center, Inc. (hereinafter "Eye Care Surgery Center"), a Louisiana Limited-Liability Company licensed to do business in the State of Louisiana and was and is an employer within the meaning of state and federal law.

3. Plaintiff was employed by Defendant Eye Care Surgery Center which is located in East Baton Rouge, Louisiana and the employment practices complained herein all occurred in Louisiana.

4. Prior to the filing of this action, Plaintiff timely filed a Complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that the acts of Defendant established a violation of Title VII, 42 U.S.C. §§2000e. *Et. seq.* Plaintiff has received a "Right-To-Sue" letter from the EEOC against Defendant and has timely filed this action thereafter.

5. This Court has jurisdiction over this action pursuant to Title VII of the Civil Rights Act of 1964, as amended. The jurisdiction of this Court is invoked by the Plaintiff pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202. This lawsuit is brought pursuant to the "The Civil Rights Act of 1866," 42 U.S.C. § 1981, and 1981a and The

    Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991. Equitable and other relief is sought under 42 U.S.C. 2000e-5(g).

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, and Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq.

7. This Court has supplemental jurisdiction over the related state law and local ordinance claims pursuant to 28 U.S.C. § 1367 and 29 U.S.C. § 206

8. The amount in controversy exceeds the minimum jurisdiction of this Court.

9. Venue is proper in the Middle District of Louisiana because defendant is incorporated in this district and has a principal place of business in this State.

## FACTS RELEVANT TO ALL CLAIMS

10. Plaintiff is an African American female citizen of the United States and a resident of the State of Louisiana. Plaintiff was employed with Eye Care Surgery Center until she was constructively terminated on July 23, 2020.

11. Plaintiff began working for Eye Care Surgery Center as a contract worker sometime in 2017.

12. On or about January 2, 2018, Defendant hired Plaintiff to work full time in the accounting department.

13. Plaintiff worked in the accounting department at Eye Care Surgery Center and was directly supervised by Robert Johnson.

14. During her years while employed, Eye Care Surgery Center, Robert Johnson, and Kathy Johnson created an environment that encouraged and fostered a hostile work environment for Johnnie Lewis due to her race.

15. Such conduct was ongoing, open, and notorious. Simply put, racial discrimination is deeply embedded in the Eye Care Surgery Center. It is open, active, and unashamed. The harassment, abuse and discrimination are encouraged by Eye Care Surgery Center management's refusal to stop the misbehavior.

16. African Americans at Eye Care Surgery Center were subjected to a stricter level of scrutiny than their similarly situated white co-workers. African Americans were repeatedly reprimanded and disciplined for relatively minor mistakes. The same behavior from similarly situated white employees was largely ignored even when discovered.

17. Plaintiff expressed concerns about racial statements made by other employees, mainly Robert Johnson and Kathy Johnson, to the managers and owners of Eye Care Surgery Center as early as 2017 but was told that "Robert is old" and to basically wait him out because Robert was not going to be employed by Eye Care Surgery Center much longer.

18. After Plaintiff made her complaints, Robert Johnson's and Kathy Johnson's actions began to get worse. Plaintiff began to continually be chastised and threatened by Robert Johnson and Kathy Johnson.

19. When Plaintiff went to the owners and management of Eye Care Surgery Center to complain of the acts of Robert and Kathy Johnson, nothing was done.

20. On one occasion while Plaintiff was working an employee of Eye Care Surgery Center, Plaintiff was told by another white female co-worker that her daughter went to school and told her teacher she was a "real nigger rockstar." Plaintiff reported her concerns to the HR manager. Defendant failed to take effective remedial action in response to the racially charged comments.

21. On or about January 9, 2020, and on another occasion, a manager of Eye Care Surgery Center made a comment in front of Plaintiff that all blacks should go back to Africa, in reference to athletes taking a knee in protest of social injustice.

22. On or about January 9, 2020, Plaintiff's direct supervisor Robert Johnson made a comment to another white employee in front of Plaintiff stating that the owner of Eye Care Surgery Center told him that if you want to live about the masses, you have to do business with them, referring to African American people.

23. On another occasion, Plaintiff reported to Eye Care Surgery Center managers that the letters "KKK NIGGER" were written on a chair in the kitchen break room, which was located right next to Plaintiff's office.

24. On or about July 6, 2020, Plaintiff noticed that her ink toners were replaced with the letters "KKK." Plaintiff reported her concerns to the HR manager. Defendant failed to take effective remedial action in response to the racially charged incident.

25. Throughout Plaintiff's employment she was subjected to comments based on her race by other white employees including but not limited to Mr. Robert Johnson, who is the administrator, and Kathy Johnson and management staff employed by Defendant.

26. Plaintiff complained of Kathy and Robert Johnson's actions to Defendant Eye Care Surgery Center's management. Plaintiff reported her concerns to the HR manager. Defendant failed to take effective remedial action in response to the racially charged comments.

27. On many occasions throughout her employment with Eye Care Surgery Center, Plaintiff was subjected to racial and sexually explicit jokes by her direct supervisor Robert Johnson. Plaintiff reported her concerns to the HR manager. Defendant failed to take effective remedial action in response to the racially charged incidents.

## COUNT I

## TITLE VII of THE CIVIL RIGHTS ACT OF 1964

28. Plaintiff reiterates, realleges, and incorporates herein by reference each and every allegation contained in paragraphs 1-27 inclusive.

29. The actions of Defendant constitute discrimination against Plaintiff, in violation of Title VII of the Civil Rights Act of 1964, as amended, and similar state statutes. Eye Care Surgery Center is liable under Title VII for such harassment and discrimination because it knew, or should have known, of the racial harassment and discrimination but failed to take prompt and effective remedial action. Instead, it did just the opposite. It condoned, ratified, and otherwise allowed the racially harassing and discriminatory behavior to continue.

30. As a direct and proximate result of Defendant's actions described herein, Plaintiff has suffered from a loss of income and benefits, severe emotional distress, and mental anxiety, for all of which she should be compensated.

## COUNT II

## HOSTILE WORK ENVIROMENT

31. Plaintiff reiterates, realleges, and incorporates herein by reference each and every allegation contained in paragraphs 1-30 inclusive.

32. Defendant Eye Care Surgery Center's harassment and discriminatory behavior was sufficiently severe or pervasive to alter the conditions of her employment, and as such created a hostile work environment.

33. As a direct and proximate result of Defendant's actions described herein, Plaintiff has suffered from a loss of income and benefits, severe emotional distress, and mental anxiety, for all of which she should be compensated.

## COUNT III

### INTENTIONAL AND OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

34. Plaintiff reiterates, realleges, and incorporates herein by reference each and every allegation contained in paragraphs 1-33 inclusive.

35. Defendant Eye Care Surgery Center's harassment and discrimination actions directed against Plaintiff were intentional and or negligently inflicted upon Plaintiff causing severe mental and emotional distress.

36. Defendant Eye Care Surgery Center had knowledge of the actions described herein, and its sanctioning and involvement in the harassment, retaliatory actions, and hostile work environment directed against Plaintiff was intentional and or negligently inflicted upon Plaintiff causing severe mental and emotional distress.

37. As a direct and proximate result of the Defendant's action described herein, Plaintiff has suffered from a loss of income and benefits, severe emotional distress, and mental anxiety, for all of which she should be compensated.

## COUNT IV

### NEGLIGENT HIRING, TRAINING, AND RETENTION

38. Plaintiff reiterates, realleges, and incorporates herein by reference each and every allegation contained in paragraphs 1-37 inclusive.

39. Defendant Eye Care Surgery Center is vicariously liable under Louisiana Code of Civil Article 2315 and by way of the doctrine of respondeat superior for the acts and/or omissions of its employees who were within the course and scope of their employment and that said are liable unto Plaintiff due to its negligence attributed to but not limited to the following non-exclusive particulars: failure to keep due and proper lookout over their employee's activities, negligent hiring of employees, negligent supervision of employees, hiring reckless and careless individuals, negligent training of employees, and any and all acts of negligence which may be proven at trial in this matter.

40. As a direct and proximate result of the Defendant's action described herein, Plaintiff has suffered from a loss of income and benefits, severe emotional distress, and mental anxiety, for all of which she should be compensated.

## COUNT V

## CONSTRUCTIVE DISCHARGE

41. Plaintiff reiterates, realleges, and incorporates herein by reference each and every allegation contained in paragraphs 1-40 inclusive.

42. Defendant Eye Care Surgery Center had not installed a readily accessible and effective policy for reporting and resolving complaints of racial discrimination or those said policies were ineffective.

43. On or about July 23, 2020, Plaintiff's abusive, hostile, and discriminatory working conditions and environment became so intolerable that Plaintiff submitted her formal resignation from her position as AR/AP manager where she was making 23.00 per hour plus benefits.

44. Due to Defendant's conduct as set forth above, which made Plaintiff's working condition so intolerable that Plaintiff was unable to return her to workplace, thereby Defendant constructively discharged Plaintiff in violation of state and federal law.

45. As a direct and proximate result of the Defendant's conduct described herein, Plaintiff has suffered from a loss of income and benefits, severe emotional distress, and mental anxiety, for all of which she should be compensated.

## COUNT VI

## VIOLATION OF EQUAL PAY ACT

46. Plaintiff reiterates, realleges, and incorporates herein by reference each and every allegation contained in paragraphs 1-45 inclusive.

47. When Plaintiff was initially hired by Eye Care Surgery Center, she had a bachelor's degree and had over 15 years of experience.

48. During her period of employment with Eye Care Surgery Center, Plaintiff had work equal in skill, effort, and responsibility to the work of certain other male employees that were less educated and less experienced.

49. Plaintiff during her employment with Eye Care Surgery Center, trained other less qualified male employees who were then on occasion promoted and given higher wages and salary than Plaintiff.

50. These less experienced employees were paid higher hourly wages and benefits.

51. Had Plaintiff been paid wage equal to that of the other white male and/or female employees who performed equal work to the work she performed, she would have been paid a substantially higher wage.

52. Upon information and belief, as a direct and proximate result of the Defendant's conduct Defendant Eye Care Surgery Center is in violation of The Equal Pay Act of 1963 ("EPA"), 29 U.S.C. §§206 et seq., which prohibits covered employers from compensating male and female employees differently for performing equal work.

53. As a result of Defendant's unlawful actions as alleged herein, Plaintiff has suffered economic and emotional distress damages.

54. With respect to Plaintiff's economic damages, Plaintiff has sustained and will in the future sustain serious financial loss, including employment compensation and employment benefits. With respect to emotional distress, Plaintiff has sustained and will in the future sustain serious emotional distress—severe mental and physical pain, anguish, distress.

**WHEREFORE,** Plaintiff demands judgment against Defendant, Eye Care Surgery Center, as follows:

a. For all compensatory and punitive damages with respect to statutory and tort claims in an amount being just.

b. For an award of reasonable costs and attorney fee.

c. Aware actual damages, including appropriate amounts of back pay and front pay and money lost from the failure to promote.

d. Award for compensatory for race discrimination, constructive and wrongful termination, and hostile work environment, and

e. For any and all other equitable and legal relief to which Plaintiff appears entitled.

        Respectfully submitted,

        **PICHON LAW FIRM, LLC**

        */s/ Jeremy J. Pichon*
        **Jeremy J. Pichon, LA Bar No. 32218**
        One Canal Place
        365 Canal Street, Suite 1490
        New Orleans, LA 70130
        Direct: 504-576-0440
        Facsimile: 504-576-0456

        *ATTORNEY FOR PLAINTIFF*