UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHNNIE LEWIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-475-SDD-RLB** |
| **EYE CARE SURGERY CENTER, INC.** | |

## ORDER

Before the Court is Defendant's Second Motion to Compel Production of Documents and Information and Motion for Sanctions ("Second Motion to Compel") filed on February 28, 2023. (R. Doc. 20). The deadline for filing an opposition has not expired. LR 7(f).

Eye Care Surgery Center, Inc. ("Defendant") filed its first Motion to Compel Production of Documents and Information ("First Motion to Compel") on July 25, 2022. (R. Doc. 13). In that motion, Defendant represented that on April 21, 2022, its counsel served its First Requests for Production of Documents and First Interrogatories on Johnnie Lewis ("Plaintiff"). (R. Doc. 13-1 at 1). Plaintiff had 30 days to respond to the written discovery requests after they were served. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Defendant represented that Plaintiff did not timely respond to these written discovery requests. Defendant further represented that its counsel made good faith attempts to confer by e-mail and telephone with Plaintiff's counsel without receiving any response. (R. Doc. 13-6; R. Doc. 13-1 at 2-3). Plaintiff did not file a timely opposition.

The Court granted in part, and denied in part, the First Motion to Compel. (R. Docs. 15, 16). While noting that Plaintiff's failure to file an opposition raised various concerns, the Court found that Defendant did not comply with Local Rule 37 by identifying the interrogatories and requests for production at issue. (R. Doc. 16 at 2). The Court ordered Plaintiff to provide "any delinquent responses to any written discovery requests as previously served by Defendant" by

August 11, 2022, but declined to "issue a ruling . . finding that any objections to the discovery requests have been waived." (R. Doc. 16 at 2). The Court informed Defendant that it "may re-file its motion and include the discovery requests at issue" if no responses were provided by August 11, 2022, without having to confer further with Plaintiff. (R. Doc. 16 at 2). In essence, the Court extended Plaintiff's deadline to respond or object to the discovery requests to August 11, 2022. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2).

There is no dispute that Plaintiff provided written responses and objection to Defendant's discovery requests, as ordered by the Court, on August 11, 2022. (R. Doc. 20-3).

On February 28, 2023, the deadline to complete non-expert discovery in this action,[1] Defendant filed the instant Second Motion to Compel. (R. Doc. 20). Defendant now seeks an order finding that Plaintiff's objections have been waived, requiring Plaintiff to supplement various unidentified responses. (R. Doc. 20-1 at 4-5).

The Court will deny the instant motion without prejudice to refile. Foremost, the Court has already ruled that Plaintiff could provide written responses, with any applicable objections, by August 11, 2022. (R. Doc. 16 at 12).

Second, Defendant has again failed to identify the specific responses and objections at issue in accordance with Local Rule 37. Defendant argues, in conclusory fashion, that "Plaintiff has not supplemented nor provided complete discovery responses" without making any attempt to identify which of the 23 interrogatories or which of the 18 requests for production remain in dispute, and to what extent supplementation is merited. It remains unclear to the Court what discovery requests and responses are in dispute. The Court declines any implicit invitation to

---

[1] The parties have filed a Joint Motion to Continue Discovery Deadline. (R. Doc. 19). The Court will address that motion by separate order.

review the responses, objections, and productions provided by Plaintiff to determine, without any briefing, whether and to what extent any supplementation is merited.

Finally, Defendant represents that the parties held a "discussion" on January 27, 2023, but there is no indication of what actual discovery requests were discussed and what attempts at resolving the dispute, without court intervention, were made. (R. Doc. 20-1 at 5 n.17).

Based on the foregoing, the Court will deny the relief sought by the instant Second Motion to Compel and for Sanctions. To be clear, Plaintiff's August 11, 2022 responses and objections are <u>timely</u> given the Court's extension of the deadline to respond to Defendant's discovery requests. (*See* R. Doc. 16 at 2). The sole issues to be raised in any renewed Motion to Compel shall concern the <u>validity</u> of any objections and whether and to what extent supplemental responses are necessary.

Based on the foregoing,

**IT IS ORDERED** that Defendant's Second Motion to Compel Production of Documents and Information and Motion for Sanctions (R. Doc. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that any renewed Motion to Compel regarding the written discovery at issue must be filed within **7 days** of the date of this Order. Any renewed Motion to Compel (1) must identify the specific written discovery responses and objections that are in dispute in accordance with Local Rule 37, and (2) specify Defendant's arguments regarding the validity of Plaintiff's objections and whether and to what extent supplemental responses are necessary.

Signed in Baton Rouge, Louisiana, on March 2, 2023.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**