**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

JOHNNIE LEWIS                                          CIVIL ACTION

VERSUS                                                      NO. 21-475-SDD-RLB

EYE CARE SURGERY CENTER, INC.

**ORDER**

Before the Court is Defendant's Renewed Motion to Compel ("Renewed Motion to Compel") filed on March 9, 2023. (R. Doc. 20). The deadline for filing an opposition has expired. LR 7(f).

## I.      Background

On August 17, 2021, Johnnie Lewis ("Plaintiff"), a Black female, commenced this employment discrimination action against her former employer, Eye Care Surgery Center, Inc. ("Defendant"). (R. Doc. 1). Plaintiff alleges that she began working for Defendant as a contract worker some time in 2017, and was hired full time in Defendant's accounting department on or about January 2, 2018. (R. Doc. 1 at 2). Plaintiff raises claims for violation of Title VII of the Civil Rights Act of 1964 based on racial harassment and discrimination, hostile work environment, intentional and/or negligent infliction of emotional distress, negligent hiring, training, and retention, constructive discharge, and violation of the Equal Pay Act. Plaintiff alleges that she was constructively discharged on July 23, 2020 from her position as AR/AP (accounts receivable/accounts payable) manager where she was making $23 per hour plus benefits. (R. Doc. 1 at 6). Most of Plaintiff's factual allegations are centered on alleged acts of discrimination and harassment involving Robert Johnson, Plaintiff's alleged direct supervisor, and Kathy Johnson. (*See* R. Doc. 1 at 3-4).

Defendant filed its first Motion to Compel Production of Documents and Information ("First Motion to Compel") on July 25, 2022. (R. Doc. 13). In that motion, Defendant represented that on April 21, 2022, its counsel served its First Requests for Production of Documents and First Interrogatories on Plaintiff. (R. Doc. 13-1 at 1). Plaintiff had 30 days to respond to the written discovery requests after they were served. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Defendant represented that Plaintiff did not timely respond to these written discovery requests. Defendant further represented that its counsel made good faith attempts to confer by email and telephone with Plaintiff's counsel without receiving any response. (R. Doc. 13-6; R. Doc. 13-1 at 2-3). Plaintiff did not file a timely opposition.

The Court granted in part, and denied in part, the First Motion to Compel. (R. Docs. 15, 16). While noting that Plaintiff's failure to file an opposition raised various concerns, the Court found that Defendant did not comply with Local Rule 37 by identifying the interrogatories and requests for production at issue. (R. Doc. 16 at 2). The Court ordered Plaintiff to provide "any delinquent responses to any written discovery requests as previously served by Defendant" by August 11, 2022, but declined to "issue a ruling . . . finding that any objections to the discovery requests have been waived." (R. Doc. 16 at 2). The Court informed Defendant that it "may re-file its motion and include the discovery requests at issue" if no responses were provided by August 11, 2022, without having to confer further with Plaintiff. (R. Doc. 16 at 2). In essence, the Court extended Plaintiff's deadline to respond or object to the discovery requests to August 11, 2022. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2).

There is no dispute that Plaintiff provided written responses and objections to Defendant's discovery requests, as well as certain productions of documents, on August 11, 2022. (R. Doc. 22-3).

2

On February 28, 2023, the deadline to complete non-expert discovery in this action,[1] Defendant filed its Second Motion to Compel, which sought an order finding that Plaintiff's objections have been waived and requiring Plaintiff to supplement various unidentified responses. (R. Doc. 20). The Court denied the Second Motion to Compel without prejudice to refile, providing that any renewed motion to compel (1) must identify the specific written discovery responses and objections that are in dispute in accordance with Local Rule 37, and (2) specify Defendant's arguments regarding the validity of Plaintiff's objections and whether and to what extent supplemental responses are necessary. (R. Doc. 21).

On March 9, 2023, Defendants filed the instant Renewed Motion to Compel, which seeks supplemental responses to Interrogatory Nos. 2, 4-7, 9-17, 19, and 22 and Requests for Production Nos. 1-18. (R. Doc. 22). As with the First Motion to Compel, Plaintiff has failed to file any opposition indicating her positions with respect to the discovery sought.

## II.    Law and Analysis

### A.    Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P.

---

[1] The parties filed a Joint Motion to Continue Discovery Deadline. (R. Doc. 19). The Court granted the motion, extending the deadline to complete non-expert discovery to May 29, 2023 and the deadline to file summary judgement motions to June 28, 2023. (R. Doc. 28).

26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc*., 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

If a party fails to respond fully to written discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

Rule 33 provides that the grounds for objecting to an interrogatory must be stated with specificity and any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure. Fed. R. Civ. P. 33(b)(4). Rule 34 similarly provides that the grounds for objecting to a request for production must be stated with specificity. Fed. R. Civ. P. 34(b)(2)(B). Rule 34 further provides that, "An objection must state whether any responsive

materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

**B.    Analysis**

**1.    The Good Faith Conference Requirement**

As an initial matter, a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). In addition, the Court's Scheduling Order provides the following: "Any motions filed regarding discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice." (R. Doc. 12 at 1).

It is unclear what discussions the parties had, if any, regarding the discovery disputes raised by the instant motion. Defendant's Second Motion to Compel represented that the parties held a "discussion" on January 27, 2023, but there was no indication of what actual discovery requests were discussed and what attempts at resolving any disputes, without court intervention, were made. (R. Doc. 20-1 at 5 n.17). The instant Renewed Motion to Compel does not mention this January 27, 2023 "discussion" between the parties. Instead, the motion suggests that defense counsel last attempted to discuss the written discovery at issue with Plaintiff's counsel on July 8, 2022. (*See* R. Doc. 22-1 at 3).

Nevertheless, Defendant submits a Rule 37(a)(1) certificate indicating that defense counsel has "in good faith, conferred with" Plaintiff's counsel "in an attempt to resolve the issues raised" and that they did not reach "a satisfactory resolution regarding these matters." (R. Doc.

22-5). While it remains unclear when the required Rule 37(a)(1) conference took place after the receipt of Plaintiff's responses and objections to the written discovery at issue, the Court will consider the merits of the motion given the record and lack of any opposition.[2]

### 2. Waiver of General Objections and Overly Broad Requests for Production

The Court has reviewed the written discovery requests, responses, and objections. Plaintiff responded to various interrogatories and requests for production with the general objections that they were compound, overly broad, ambiguous, unduly burdensome, or sought legal conclusions. Plaintiff has set forth no arguments in support of a finding that these objections have any merit. The Fifth Circuit considers such conclusory, boilerplate objections to be insufficient. *See McLeod, Alexander, Powel and Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir. 1990). Indeed, a party is considered to have waived their objections when it asserts boilerplate objections based upon relevance, over breadth unduly burdensomeness, or any other objection unrelated to privilege. *Aubin v. Columbia Casualty Co.,* No. 16-290, 2017 WL 1682661, at *8 (M.D. La. Apr. 25, 2017) ("The Court finds such boilerplate language does not suffice to assert a valid objection to Plaintiffs' outstanding discovery request under *McLeod*. Thus, the Court finds that the general rule applies here, and Defendants have waived their objections . . . based upon relevance, over breadth, unduly burdensomeness, or any other objection unrelated to privilege.").

To be clear, most of Plaintiffs objections to the written discovery are not raised with any specificity. *See* Fed. R. Civ. P. 33(b)(4); Fed. R. Civ. P. 34(b)(2)(B). Furthermore, Plaintiff has

---

[2] Any further discovery motion in this action, however, shall include a certification informing the Court of the date of the conference, the length of the conference, the counsel who participated in the conference, each discovery request and response discussed at the conference, and the parties' attempts at resolving each discovery dispute. If the opposing party did not appear for a conference, the movant shall detail all attempts made to confer by telephone and in writing.

objected to requests for production without identifying "whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). Accordingly, the Court cannot tell what documents and information, if any, were withheld from production pursuant to the asserted objections. That said, the Court finds some of Defendants' requests for documents and information are not described with the required particularity. *See* Fed. R. Civ. 34(b)(1)(A).

The Court finds Plaintiff's general objections to the interrogatories and requests for productions at issue have been waived. Plaintiff must supplement her responses, without further objection, unless otherwise specifically noted below. The Court will identify document requests that do not describe the information sought with reasonable particularity. Plaintiff need not respond to these requests.

      3.      **Interrogatory Nos. 2, 4-7, 9-17, 19, and 22**

Interrogatory No. 2 seeks Plaintiff's employment history.[3] In response, Plaintiff states that she would produce her resume in response to this interrogatory. Defendant represents that the resume was not produced. Plaintiff must provide a complete response to this interrogatory by listing <u>all</u> employment information sought in this interrogatory.

Interrogatory No. 4 seeks the identity of Defendant's employees whom Plaintiff claims to have received more favorable treatment and the surrounding circumstances. Plaintiff provided information with respect to various co-workers, stating that she would supplement the response. Defendant argues that the circumstances surrounding only one of the co-workers appears to concern more favorable treatment. The Court finds Plaintiff's response sufficient. Plaintiff must,

---

[3] Given the number of interrogatories and requests for production at issue, the Court does not restate verbatim the individual discovery requests, responses, and objections in the instant ruling. Unless otherwise indicated, Plaintiff is to refer to the original language of the discovery requests when providing supplemental responses and productions. (*See* R. Doc. 22-2).

however, supplement the response to provide any additional information pertaining to more favorable treatment that was withheld subject to Plaintiff's objections. If there is no further information to provide, then Plaintiff may say so in the supplemental response. Otherwise, the detailed information sought and the basis for an individual's inclusion on the list by Plaintiff is best obtained at Plaintiff's deposition.

Interrogatory No. 5 seeks the identity of employees with whom Plaintiff had an interpersonal conflict or difficult working relationship and to identify the nature of the conflict or difficult. In response, Plaintiff referred Defendant to the Complaint. This response is insufficient. Plaintiff must provide a complete response to this interrogatory by listing <u>all</u> co-worker information sought in this interrogatory in a separate written response. If there is no further information to provide, then Plaintiff may say so in the supplemental response.

Interrogatory No. 6 seeks the identity of Defendant's representatives who allegedly made misrepresentations to Plaintiff regarding Defendant's employment policies and practices, as well as additional information surrounding the alleged misrepresentations. Plaintiff's response identifies that she was harassed, reported the harassment to human resources, and was then constructively discharged. This is not responsive. Plaintiff does not specifically identify any individuals who made any alleged misrepresentations. Plaintiff must provide a complete response to this interrogatory by listing <u>all</u> information regarding alleged misrepresentations sought in this interrogatory in a separate written response. If there is no further information to provide, then Plaintiff may say so in the supplemental response.

Interrogatory No. 7 seeks information regarding Plaintiff's other sources of income since July 23, 2020. Plaintiff responded that she received stimulus payments and that she began other employment after her discharge. Plaintiff's response is incomplete. Plaintiff shall supplement

this response by identifying the amounts received in stimulus payments and the sources and amounts of any other income received from July 23, 2020 to the present date.

Interrogatory No. 9 seeks information regarding Plaintiff's attempts to obtain other employment or establish self-employment since her discharge. Plaintiff responded that she has applied to "many jobs" since the date of discharge and was ultimately hired by DCFS as a program specialist on September 13, 2021. Plaintiff must supplement this response to identify any other employment obtained since her discharge. Plaintiff must also identify the employment that she sought after discharge prior to being hired by DCFS.

Interrogatory No. 10 seeks information regarding Plaintiff's wages and benefits in post-termination employment, including any reasons why she left subsequent positions. Plaintiff responded that she was unemployed from July 24, 2020 until September 13, 2021. Plaintiff must supplement this response by providing her wage and benefits information for DCFS and any subsequent employment.

Interrogatory No. 11 seeks information regarding how Plaintiff contends she was constructively discharged and the identity of witnesses and documents on which she would rely upon at trial.[4] Plaintiff references her response to Interrogatory No. 4. The Court finds this response sufficient. To the extent not subject to initial disclosures, Plaintiff may identify witnesses and documents to be used at trial on the deadline to submit that information in the

---

[4] Contention interrogatories are specifically permitted by Rule 33, which provides that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). Accordingly, an interrogatory may reasonably ask for the material or principal facts which support a contention. As with any interrogatory, however, a contention interrogatory may be overly broad where it seeks "each and every" single fact upon which a party bases its case. *See In & Out Welders, Inc. v. H & E Equip. Servs., Inc.*, No. 16-86, 2018 WL 4224856, at *3 (M.D. La. Sept. 5, 2018) (citing *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998)). Courts have "tended toward a middle ground, requiring parties to explain the factual bases for their contentions by providing the material facts upon which they will rely, but not a detailed and exhaustive listing of all of the evidence that will be offered." *Linde v. Arab Bank*, PLC, No. 04-2799, 2012 WL 957970 (E.D.N.Y. Mar. 21, 2012) (citing cases).

proposed pretrial order. Otherwise, the detailed information sought is best obtained at Plaintiff's deposition or through appropriate document requests.

Interrogatory No. 12 seeks information regarding Plaintiff's claims of a hostile work environment. Plaintiff references her response to Interrogatory No. 4. The Court finds this response sufficient. Plaintiff must, however, supplement the response with the requested information pertaining to a hostile work environment that was not identified in the original response. If there is no further information to provide, then Plaintiff may say so in the supplemental response. Otherwise, the detailed information sought is best obtained at Plaintiff's deposition.

Interrogatory No. 13 seeks information regarding how Plaintiff contends that Defendant was negligent in its hiring, training and retention practices, as well as specific information regarding each instance of negligence. Plaintiff references her response to Interrogatory No. 4. That response provided information regarding alleged instances of a hostile work environment and disparate treatment. Plaintiff's response to this contention interrogatory is insufficient. Plaintiff must provide a supplemental written response explaining the factual bases for her contentions that Defendant was negligent in its hiring, training and retention practices by identifying specific information regarding those alleged acts of negligence.

Interrogatory No. 14 seeks information regarding Plaintiff's contention that she trained less qualified male employees who were promoted and given higher wages and salaries than Plaintiff. In response, Plaintiff provided some responsive information regarding two employees: Marcus and Jacques. Plaintiff must provide a written response specifically identifying the full names of any male employees responsive to the interrogatory, as well as the salary and qualification information to the extent known by Plaintiff.

Interrogatory No. 15 seeks information regarding Plaintiff's contention that less experienced employees were paid higher hourly wages and benefits. In response, Plaintiff provided some responsive information regarding two employees: Ariel Herrington and Amanda Dukes. Plaintiff must provide a written response identifying the salary and qualification information to the extent known by Plaintiff.

Interrogatory No. 16 seeks information regarding Plaintiff's alleged economic damages. Plaintiff raised objections and stated that she would supplement her response. Plaintiff must provide the information sought regarding claimed economic damages to Plaintiff. To the extent Plaintiff has retained an economist to calculate her claimed economic damages, Plaintiff may inform Defendant that a complete calculation of the economic damages will be provided in the expert's report. Even if an expert is identified, however, Plaintiff must provide a general identification of the economic damages sought in response to the interrogatory.

Interrogatory No. 17 seeks information regarding Plaintiff's alleged non-economic damages. Plaintiff raised objections and stated that she would supplement her response. Plaintiff must provide the information sought regarding claimed non-economic damages to Plaintiff. To the extent Plaintiff has retained an economist to calculate her claimed non-economic damages, Plaintiff may inform Defendant that a complete calculation of the non-economic damages will be provided in the expert's report. Even if an expert is identified, however, Plaintiff must provide a general identification of the non-economic damages sought in response to the interrogatory.

Interrogatory No. 19 seeks the identify of all persons known by Plaintiff to have knowledge of the facts material to the allegations in the Complaint and to describe the facts known to them. Plaintiff listed 22 individuals, stating that she would supplement her response. The Court agrees with Plaintiff that she cannot describe the facts known to these individuals. The

11

interrogatory does not ask what information Plaintiff believes is known to these individuals. To the extent Defendant is seeking actual information known by the individuals identified by Plaintiff, then Defendant can seek that information through third-party discovery. Plaintiff must supplement this response to the extent any other individuals have been identified.

Interrogatory No. 22 seeks the identify of all documents and electronically stored information ("ESI") that Plaintiff intends to introduce at trial, as well as a brief description of the nature and contents of these documents and ESI. Plaintiff may identify documents and ESI to be used at trial on the deadline to submit that information in the proposed pretrial order. Otherwise, the detailed information sought is best obtained through specific requests for production or deposition testimony.

### 4.    Requests for Production Nos. 1-18

Request for Production No. 1 seeks the production of documents identified in, referred to, referenced or relied upon in responding to Defendant's interrogatories. Plaintiff objected to the request as overly broad and ambiguous, but referred Defendant to the attached production.[5] Plaintiff must supplement this response by identifying which documents produced, either initially or in a supplemental production, are responsive to which interrogatories. Plaintiff must also supplement the document production to the extent any documents are referenced in the interrogatory answers.

Request for Production Nos. 2-10 collectively seek all documents and ESI relevant to Plaintiff's claims in the pleadings.[6] These requests are patently overly broad because they do not

---

[5] Plaintiff produced just over 50 pages of documents. (R. Doc. 22-3 at 31-83). The bulk of this production consists of the Tiger Vision LLC Eye Care and Surgery Center Employee Handbook. (R. Doc. 22-3 at 31-69). The remaining documents consist of email communications, Plaintiff's Charge of Discrimination, and a text message. (R. Doc. 22-3 at 70-83).

[6] Request for Production No. 2 simply seeks all documents related to the allegations in the Complaint. Request for Productions Nos. 3-10 seek documents related to various paragraphs of the Complaint.

"describe with reasonable particularity each item or categories of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). The Court will not require any further response to these general requests, which cumulatively seek all information that would be related to the claims in the Complaint without any attempt at identifying what responsive documents or information is sought.

Request for Production No. 11 seeks documents relevant to Plaintiff's employment with Defendant in general and without limitation. Again, this request is not limited in scope as it requests any information regarding Plaintiff's employment with Defendant without limitation to any of the causes of action at issue. The Court will not require any further response to this general request.

Request for Production No. 12 seeks documents recording or relating to Plaintiff's activities during her employment with Defendant. The Court will require Plaintiff to produce non-privileged documents and ESI responsive to this request to the extent they pertain to communications, recordings, or social media postings related to Plaintiff's employment discrimination claims. To the extent Plaintiff does not have any additional responsive documents in her possession, custody, or control, she may say so in her supplemental response.

Request for Production No. 13 seeks documents establishing, related to, or referring to Defendant's pay scales, procedures, and policies. The Court will require Plaintiff to produce non-privileged documents and ESI responsive to this request. To the extent Plaintiff does not have any additional responsive documents in her possession, custody, or control, she may say so in her supplemental response.

Request for Production No. 14 seeks Plaintiff's medical records. Plaintiff has claimed damages based on severe mental and physical pain, anguish, and distress. Accordingly, the Court

will require Plaintiff to provide medical records, or authorize their release, since July 17, 2017[7] to the present. To the extent Plaintiff does not have any additional responsive documents in her possession, custody, or control, she may say so in her supplemental response.

Request for Production No. 15 seeks all communications between Plaintiff and current or former employees of Defendant since July 17, 2017 to the present. This request is facially overly broad. The request is not limited to any claims or defenses in this action. Compliance with this request would require the production of every communication between Plaintiff and Defendant's employees regardless of whether they had any relationship to Plaintiff's employment with Defendant or the claims or defenses in this action. The Court will not require any further response to this general request.

Request for Production No. 16 seeks all recordings between Plaintiff and Defendant (including its former or current employees or agents) concerning Plaintiff's claims in the Complaint since July 17, 2017 to the present. The Court finds this request to seek information within the scope of discovery. Plaintiff must produce this information to the extent it is in her possession, custody, or control. To the extent Plaintiff does not have any additional responsive documents in her possession, custody, or control, she may say so in her supplemental response.

Request for Production No. 17 seeks Plaintiff's federal and state income tax returns for the years 2019, 2020, and 2021. The Court finds this request to seek information within the scope of discovery as it is relevant to a calculation of damages sought. Plaintiff must produce the requested tax records or authorize their release.

Request for Production No. 18 seeks a copy Plaintiff's current resume and any versions of her resume since July 23, 2020. The Court finds this request to seek information within the

---

[7] It appears that this is the specific date in 2017 on which Plaintiff began her employment with Defendant as a contract worker.

scope of discovery. Plaintiff must produce this information to the extent it is in her possession, custody, or control. To the extent Plaintiff does not have any additional responsive documents in her possession, custody, or control, she may say so in her supplemental response.

## III.  Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Renewed Motion to Compel (R. Doc. 20) is **GRANTED IN PART and DENIED IN PART** as detailed above. Plaintiff shall provide supplemental responses and productions, without further objections other than those pertaining to any applicable privileges or immunities, within **7 days** of the date of this Order or as otherwise agreed upon by the parties. In light of the overbroad nature of certain requests as well as the uncertainty in the record regarding the sufficiency of any Rule 37 conference, the parties shall bear their own costs. Plaintiff's counsel is advised, however, that any failure to comply with the terms of this order will result in the imposition of sanctions. The failure to even respond to the instant motion is unacceptable.

Signed in Baton Rouge, Louisiana, on April 20, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**