UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHNNIE LEWIS                                        CIVIL ACTION

VERSUS                                                21-475-SDD-RLB

EYE CARE SURGERY CENTER, INC.

### RULING

This matter is before the Court on the *Motion to Reopen Discovery Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure*[1] filed by Plaintiff Johnnie Lewis ("Plaintiff") in response to Defendant Eye Care Surgery Center, Inc.'s ("Defendant") *Motion for Summary Judgment*.[2] Defendant filed an *Opposition*[3] to Plaintiff's motion, to which Plaintiff filed a *Reply*.[4]  For the following reasons, Plaintiff's *Motion* shall be DENIED.

I.  **BACKGROUND**

In this lawsuit, filed on August 17, 2021, Plaintiff asserts claims under the Equal Pay Act of 1963 ("EPA"),[5] alleging that Defendant compensated males and females differently, and under Title VII of the Civil Rights Act of 1964 ("Title VII"),[6] alleging that she suffered race and gender discrimination, a hostile work environment based on her

---

[1] Rec. Doc. 33.
[2] Rec. Doc. 30.
[3] Rec. Doc. 36.
[4] Rec. Doc. 44.
[5] 29 U.S.C. §§ 206 *et seq.*
[6] 42 U.S.C. § 2000e *et seq.*

race and gender, and that she was constructively discharged. The first *Scheduling Order* was entered by the Magistrate Judge on January 4, 2022, setting the non-expert discovery deadline of November 30, 2022.[7] On July 25, 2022, Defendant filed a *Motion to Compel*,[8] which the Court granted in part and denied in part.[9] The parties subsequently filed a *Joint Motion to Extend Discovery Deadlines*,[10] which was granted by the Court, establishing a new discovery deadline of February 28, 2023.[11] On the date of the deadline, February 28, 2023, the parties again jointly moved for an extension,[12] which the Court granted, establishing a new discovery deadline of May 29, 2023.[13] The Court also entertained another *Motion to Compel* filed by Defendant against Plaintiff,[14] which the Court granted in part and denied in part.[15] Defendant filed a *Motion for Summary Judgment* on June 28, 2023[16] which prompted Plaintiff's pending *Motion to Re-open Discovery*.

## II.    APPLICABLE LAW

### A. Rule 56(d) Need for Discovery

Summary judgment is appropriate when a movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.[17] The basic principles of summary judgment assume at least some discovery has

---

[7] Rec. Doc. 12.
[8] Rec. Doc. 13.
[9] Rec. Docs. 15 & 16.
[10] Rec. Doc. 17.
[11] Rec. Doc. 18.
[12] Rec. Doc. 19.
[13] Rec. Doc. 28.
[14] Rec. Doc. 22.
[15] Rec. Doc. 29.
[16] Rec. Doc. 30.
[17] Fed. R. Civ. P. 56(a); *Public Citizen Inc. v. Louisiana Attorney Disciplinary Bd.*, 632 F.3d 212 (5th Cir. 2011).

occurred.[18] When a party moves for summary judgment and the nonmoving party is unable to produce admissible evidence to oppose the motion, Federal Rule of Civil Procedure 56(d) requires that summary judgment be postponed if the nonmovant has not had the opportunity to discover information that is essential to his opposition.[19] Rule 56(d) allows the nonmovant to request additional time to conduct discovery and to request a court to deny summary judgment.[20] A court may also issue any other order that it finds appropriate to the situation.[21]

There are four main requirements in a Rule 56(d) motion to defer summary judgment. The first two pertain to the timing of the motion. A party must (1) request extended discovery prior to the court's ruling on summary judgment and (2) put the trial court on notice that further discovery pertaining to the summary judgment motion is being sought.[22] Furthermore, the motion must demonstrate to the court with reasonable specificity how the requested discovery pertains to the pending summary judgment motion. A nonmovant must identify with specificity a fact or facts that will likely reveal a genuine material fact dispute and how proposed discovery will likely lead to that triable fact. The discovery requested must relate to the issues to be adjudicated by summary judgment,[23] and a party seeking a continuance must show how that discovery will create

---

[18] *City of Alexandria v. Cleco Corp.*, 735 F. Supp. 2d 465, 470 (W.D. La. 2010) (citing *Brown v. Mississippi Valley State University*, 311 F.3d 328 (5th Cir. 2002)).
[19] *City of Alexandria v. Cleco Corp.*, 735 F. Supp. 2d 465, 470 (W.D. La. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242 (1986))(emphasis added).
[20] Fed. R. Civ. P. 56(d)(1)-(2).
[21] Fed. R. Civ. P. 56(d)(3).
[22] *Wichita Falls Off. Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992) (citing *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991)).
[23] *Wichita Falls Off. Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992).

a genuine issue of material fact.[24] Finally, the requesting party must have been diligent in pursuing the relevant discovery.[25]

A party's failure to either allege with specificity how further discovery will reveal genuine issues of material facts or to prove their diligence in seeking discovery is fatal to a request for continuance of discovery. A party cannot extend discovery or avoid summary judgment by merely alleging additional discovery is needed.[26] Parties may not "simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts."[27] A party must show *how* the additional discovery will produce information as well as *why* that information will create a genuine issue of material fact. The Fifth Circuit analyzed the "reasonable specificity" requirement for continuance of discovery by asking how the requested discovery would influence the outcome of parties' pending summary judgment motion, holding that a plaintiff's failure to indicate how facts sought in further discovery will prove the plaintiff's burden fails the reasonable specificity standard.[28]

Additionally, a party must be diligent in the discovery process to succeed on a motion to continue discovery. The two dates of concern in the diligent discovery analysis are the end of the discovery period and the deadline to oppose summary judgment motions. The Fifth Circuit has provided some guidance for assessing a non-moving party's diligence in seeking discovery by distinguishing between cases in which a non-moving party's delay in discovery requests results in document production deadlines

---

[24] *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001).
[25] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991) (citing *C–B Kenworth Inc. v. General Motors Corp.*, 118 F.R.D. 14, 16 (D.Me.1987)).
[26] *Brown v. Mississippi Valley State Univ.*, 311 F.3d 328, 333, n. 5 (5th Cir.2002).
[27] *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 162 (5th Cir. 2006).
[28] *Am. Fam. Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013).

occurring after the due date for responses to summary judgment,[29] and delays which, while not desirable, result in document production being due before the deadline to oppose summary judgment motions.[30] The Fifth Circuit has allowed continuance of discovery where plaintiffs filed their document requests more than two months before the end of the discovery period and roughly six weeks in advance of the deadline to oppose summary judgment motions filed on the due date.[31] Finally, a non-moving party must request extended discovery prior to the court's ruling on summary judgment and put the trial court on notice that further discovery pertaining to the summary judgment motion is being sought.[32] The Fifth Circuit has held that a party specifying intended subject matter in requests for supplemental depositions and in document requests suffices to put a court on notice, provided the requests relate directly to the pending summary judgment motion.[33]

### III.   PARTIES' ARGUMENTS

Plaintiff contends more discovery is necessary because "no parties have conducted any deposition in this matter, though Plaintiff has requested dates from Defendant on many occasions."[34]  Plaintiff states that she requested depositions of various employees of Defendant on November 17, 2022 and again on January 23, 2023, but Defendant never provided available dates.[35] Plaintiff then "set depositions for [these] individuals, but Defendant failed to produce the individuals," and "these depositions are

---

[29] *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005).
[30] *Culwell v. City of Fort Worth*, 468 F.3d 868, 872 (5th Cir. 2006).
[31] *Id.*
[32] *Wichita Falls Off. Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992)
[33] *Id.*
[34] Rec. Doc. 33-1, p. 1.
[35] *Id* at pp. 1-2.

<␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃␃

necessary to respond to Defendant's Motion for Summary Judgment."[36] Plaintiff claims that thirteen depositions are necessary to respond to the Defendant's motion "due to the complexity of the legal and factual issues involved and the volume of evidence presented by the Defendant."[37]

Plaintiff's counsel further claims that, although he has "remained professional and cordial with defense counsel," defense counsel has employed "gamesmanship in order to file a motion without actually conducting any meaningful depositions in the case."[38] Plaintiff's counsel also states that the requested discovery "is critical to the pursuit of justice in this case."[39]

Defendant opposes Plaintiff's motion, arguing that instead of filing an opposition to the summary judgment motion, on the date the opposition was due, Plaintiff filed the present *Motion to Reopen Discovery* nearly two months after the extended discovery cut-off of May 29, 2023. Defendant notes that Plaintiff seeks yet another extension of discovery more than a year since Defendant filed its first *Motion to Compel*. Plaintiff had ample time to notice depositions and/or file a motion to compel during the twice-extended discovery period. When Plaintiff finally noticed the depositions she now seeks, it was done the day after the discovery deadline – on May 30, 2023 – and the depositions were noticed for dates in June.

Defendant further contends that Plaintiff fails to satisfy the legal standard for an extension under Rule 56(d) because she has not specifically demonstrated how the additional discovery will create genuinely disputed material facts to defeat summary

---

[36] *Id.* at p. 2.
[37] *Id.*
[38] *Id.* at p. 3.
[39] *Id.* at p. 4.

judgment, she has not diligently pursued discovery, and she failed to comply with the Court's *Order* of March 13, 2023, requiring that:

> Any motions filed regarding discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice.[40]

Likewise, Defendant contends Plaintiff fails to survive the four-factor balancing test for determining whether good cause exists to modify a scheduling order. Under this test, a court must weigh: (1) the explanation for the failure to adhere to the deadline at issue; (2) the importance of the proposed modification to the scheduling order; (3) potential prejudice; and (4) the availability of a continuance to cure such prejudice.[41]

Plaintiff filed a *Reply* brief wherein she offers a vague opposition to Defendant's summary judgment motion, arguing that she "will present compelling evidence, including witness testimonies and performance evaluations, revealing a pattern of discriminatory practices within the defendant's organization,"[42] and that she "has "presented substantial evidence supporting" her claims.[43] Next, Plaintiff claims that she has met the good cause standard for the Court to modify the *Scheduling Order* in this matter because she "made timely efforts to conduct discovery, which included requesting depositions on multiple occasions,"[44] but Defendant denied her requests and "decided to take advantage of the

---

[40] Rec. Doc. 28.
[41] *Chisum v. Mercedes-Benz USA, LLC*, 534 F. Supp. 3d 608, 611 (M.D. La. 2021) *citing Green v. Archer Daniels Midland*, Civil Action Nos. 10-4481, 2012 WL 85409, at *3 (E.D. La. Jan. 11, 2012) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 790–92 (5th Cir. 1990); *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257–58 (5th Cir. 1997); *S&W Enters.*, 315 F.3d at 536).
[42] Rec. Doc. 40, p. 1.
[43] *Id.* at p. 3.
[44] *Id.* at p. 4.

situation and file a motion for summary judgment instead of accommodating" her requests.[45] Plaintiff claims she "unilaterally set depositions of witnesses prior to the discovery cutoff date after defense counsel failed to provide dates;"[46] however, the exhibit she cites to in support shows that the depositions were noticed on May 30, 2023, not "prior to the discovery cutoff date" of May 29, 2023.[47]

## IV. ANALYSIS

Applying the law to the facts before the Court, the Court finds that Plaintiff's *Motion to Reopen Discovery* fails for several reasons. First, the Court considers the threshold issue of whether summary judgment is premature. Plaintiff submits that she should be afforded more time for discovery. Defendant counters that Plaintiff has failed to show good cause to excuse her failure to timely pursue discovery. The Court agrees. Defendant's summary judgment motion is not premature or filed as a "gotcha" as Plaintiff insists. It was timely filed over a year after initial discovery began and, importantly, filed on the last date to file dispositive motions – June 28, 2023 – a date established on March 13, 2023.[48] Because Defendant filed its motion for summary judgment at the last possible time permitted, Plaintiff's failure to diligently pursue discovery does not warrant a delay in considering the summary judgment motion.

Second, pursuant to Rule 56(d), if a nonmovant "shows by affidavit or declaration that, for specified reasons [she] cannot present facts essential to justify [her] opposition, the court may ... defer considering the motion or deny it ... [or] allow time to ... take discovery." However, Plaintiff failed to comply with the procedural requirements of that

---
[45] *Id.*
[46] *Id.* at p. 12.
[47] *See* Rec. Doc. 44-25.
[48] *See* Rec. Doc. 28.

Rule. Rule 56(d) strictly requires a "party requesting additional discovery as to facts essential to its opposition of a motion for summary judgment to present an affidavit or declaration" setting forth specific reasons why the additional discovery is needed.[49] A motion submitted without such affidavit or declaration is procedurally defective.[50]

Plaintiff failed to submit an affidavit or declaration with her initial motion; however, Plaintiff did submit with her *Reply* a Declaration by Plaintiff's counsel. Nevertheless, this Declaration merely provides a timeline of communications between opposing counsel. Nothing in this Declaration explains the specific reasons discovery is needed to oppose the summary judgment, *i.e.*, how the sought discovery will specifically demonstrate genuine issues of material facts. The Fifth Circuit has consistently upheld denials of Rule 56(d) motions when the movant failed to sufficiently show that additional discovery was necessary or would have created a genuine issue of material fact.[51] Simply stating that Plaintiff needs the depositions at issue to properly oppose Defendant's motion or in the "pursuit of justice" does not show how the testimony of the named witnesses could possibly create a genuine issue of material fact.

Third, Plaintiff has not shown good cause to modify the *Scheduling Order* in this case because she has failed to show that she diligently pursued discovery. On both occasions that Defendant filed a *Motion to Compel*, the Magistrate Judge noted in his *Orders* that Plaintiff failed to file oppositions.[52] Specifically, the Magistrate Judge noted: "As with the First Motion to Compel, Plaintiff has failed to file any opposition indicating her

---

[49] *Leza v. City of Laredo*, 496 F. App'x 375, 377 (5th Cir. 2012).
[50] *Id.*
[51] *See, e.g. Smith*, 827 F.3d at 423; *Beverly v. Wal-Mart Stores, Inc.*, 428 F. App'x 449, 452 (5th Cir. 2011).
[52] Rec. Docs. 16, 21, & 29.

positions with respect to the discovery sought."[53]   Further, the Court found that "Plaintiff responded to various interrogatories and requests for production with the general objections that they were compound, overly broad, ambiguous, unduly burdensome, or sought legal conclusions. Plaintiff has set forth no arguments in support of a finding that these objections have any merit."[54]  Plaintiff's shortcomings in the discovery process are highlighted in greater detail in the Court's *Orders*.[55]

Plaintiff's counsel attempts to shift all blame onto Defendant's counsel, alleging that he behaved in a manipulative manner while Plaintiff's counsel behaved only in a courteous and cooperative manner.  The Magistrate Judge's *Orders* discussed above undermine Plaintiff's counsel's claim.  Further, the submitted counsel correspondence does not excuse Plaintiff's failure to timely notice depositions within the twice-extended discovery period.  If Defendant was uncooperative in preparing for depositions, Plaintiff could, and should, have filed a motion to compel or otherwise sought relief from the Court.  Defense counsel is not to blame for Plaintiff's counsel incorrect calculation of the discovery cutoff; nor is defense counsel unethical for filing a motion for summary judgment on the last date to do so.

---

[53] Rec. Doc. 29, p. 3.
[54] *Id.* at p. 6.
[55] Rec. Docs. 16, 21, & 29.

## V. CONCLUSION

For the reasons stated above, Plaintiff's *Motion to Reopen Discovery Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure*[56] is DENIED. Plaintiff shall have leave to file an opposition to Defendant's *Motion for Summary Judgment* on or before November 3, 2023. Defendant shall have leave to file a reply brief, if necessary, on or before November 17, 2023. No extensions of these deadlines will be granted absent extraordinary circumstances.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>October 19, 2023</u>.

*/s/ Shelly Dick*
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[56] Rec. Doc. 33.